# Exhibit

# A

INDEX NUMBER: _____
DATE FILED: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------X
DAVID RODRIGUEZ,

                              Plaintiff,

- against -

THE NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK and BRIAN SALTER,

                              Defendant.
----------------------------------------------------------X

**SUMMONS**

Plaintiff Designates
BRONX COUNTY
as the Place of Trial

The Basis of Venue is:
Plaintiff's Residence

Plaintiff's Residence:
2715 Grand Concourse, 2L
Bronx, NY 10468

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this Action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the day of service (or within 30 days after the service is completed if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to Appear or Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  New York, New York
          January 4, 2016

*400 West 31st street*
*4th floor*
*New York, NY 10001*

                             By:

THE LAW OFFICES OF JAMES W.
MAGEE, ESQ.

_____
James W. Magee, Esq.
Attorney for Plaintiff
DAVID RODRIGUEZ
125 Maiden Lane, Ste. 204
New York, NY 10038
(917) 502-0544
jmageelaw@gmail.com

Defendants' Addresses:
THE NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK
60 Massachusetts Avenue Northeast, Washington, DC 20002, and
39-29 Honeywell St, Long Island City, NY 11101
BRIAN SALTER
36 Tiverton Circle, Varlano Village, Newark, DE 19702

*BY HAND.*

**RECEIVED**
AMTRAK CLAIMS

APR 19 2016

T.W. PAZSIK
NEW YORK, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------X
DAVID RODRIGUEZ,

Index No.: _____
Date Filed: _____

Plaintiff,

- against -

**VERIFIED COMPLAINT**

THE NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK and BRIAN SALTER,

Defendant.
----------------------------------------------------------X

Plaintiff DAVID RODRIGUEZ, by her attorney, JAMES W. MAGEE, ESQ., complaining of defendant THE NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("AMTRAK") and BRIAN SALTER, sets forth and alleges the following upon information and belief:

1. At all times hereinafter mentioned, plaintiff DAVID RODRIGUEZ resided and still resides at 2715 Grand Concourse, 2L, Bronx, NY 10468.

2. That at all times hereinafter mentioned, defendant AMTRAK was and still is a domestic and foreign corporation, a federal and municipal public agency and authority, duly existing under and by virtue of the Laws of the State of New York, with a New York business address at 39-29 Honeywell St, Long Island City, NY 11101.

3. That on or about December 31, 2014 and within ninety (90) days of the occurrence complained of herein, October 6, 2014, plaintiff duly served a Notice of Claim and intention to sue upon defendant AMTRAK in the manner and mode required by law.

4. That more than thirty (30) days have elapsed since the service of said notice of claim and plaintiff's claim has not been adjusted or paid.

5. That more than ninety (90) days have elapsed without defendant AMRAK

demanding that plaintiff appear and be questioned at a 50-h Hearing.

6. That this action is brought against defendant AMTRAK within one (1) year and ninety (90) days from the date of the occurrence.

7. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

## AS AND FOR A FIRST CAUSE OF ACTION

8. At all times hereinafter mentioned, defendant, AMTRAK was the owner of a certain white four-door pickup truck.

9. At all times hereinafter mentioned, defendant AMTRAK operated, through its agent, defendant BRIAN SALTER, said white four-door pickup truck.

10. At all times hereinafter mentioned, defendant AMTRAK maintained said white four-door pickup truck.

11. At all times hereinafter mentioned, defendant AMTRAK managed said white four-door pickup truck.

12. At all times hereinafter mentioned, defendant AMTRAK controlled said white four-door pickup truck.

13. At all times hereinafter mentioned, defendant BRIAN SALTER operated said white four-door pickup truck.

14. At all times hereinafter mentioned, defendant BRIAN SALTER maintained said white four-door pickup truck.

15. At all times hereinafter mentioned, defendant BRIAN SALTER managed said white four-door pickup truck.

16. At all times hereinafter mentioned, defendant BRIAN SALTER controlled said

white four-door pickup truck.

17. At all times hereinafter mentioned, Defendant BRIAN SALTER was an employee of defendant AMTRAK.

18. At all times hereinafter mentioned, defendant BRIAN SALTER operated said white four-door pickup truck within the course and scope of his employment with defendant AMTRAK.

19. At all times hereinafter mentioned, defendant BRIAN SALTER operated said white four-door pickup truck bearing with the permission and consent, express or implied, of the owner of said white four-door pickup truck, defendant AMTRAK.

20. At all times hereinafter mentioned, the roadways known as 39th Street, Steinway Street, and Northern Boulevard, in the Long Island City, County of Queens, State of New York were public roadways and thoroughfares in common use by the residents of the State of New York, and others.

21. On October 6, 2014, plaintiff was operating a 2013 Toyota sedan bearing New York State license plate #T64038C for the year of 2014.

22. On October 6, 2014, plaintiff was parked in a 2013 Toyota sedan bearing New York State license plate # T64038C for the year of 2014 in the vicinity of 3904 Northern Boulevard, Long Island City, County of Queens, State of New York.

23. On October 6, 2014, defendant BRIAN SALTER was operating said white four-door pickup truck in the vicinity of 3904 Northern Boulevard, Long Island City, County of Queens, State of New York.

24. On October 6, 2014, defendants' white four-door pickup truck struck and came into contact with plaintiff's motor vehicle.

25. On October 6, 2014, defendants' white four-door pickup truck and plaintiff's motor

vehicle were in contact with each other in the vicinity of 3904 Northern Boulevard, Long Island City, County of Queens, State of New York.

26. That by reason of the foregoing, plaintiff was seriously injured.

27. That the accident and the resulting injuries to plaintiff were caused solely by reason of the carelessness and negligence on the part of defendants, and without any negligence on the part of plaintiff contributing thereto.

28. That as a result of the foregoing, plaintiff suffered a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York.

29. That plaintiff is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

30. That by reason thereof, plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law of the State of New York.

31. That by reason thereof, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

32. As a result of this accident, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs numbered "1" through "32" inclusive, with the same force and effect as though more fully set forth herein at length.

34. On October 6, 2014, defendant BRIAN SALTER operated said white four-door pickup truck in furtherance of the duties he owes his employer, defendant AMTRAK.

35. At all times hereinafter mentioned, defendant AMTRAK exercised control, directly and indirectly, over the activities of defendant BRIAN SALTER.

36. Under the doctrine of *respondeat superior*, defendant AMTRAK is liable for the negligence and/or recklessness of its employee, defendant BRIAN SALTER, occurring in the course of his employment.

37. As a result of this accident, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff DAVID RODRIGUEZ demands judgment against defendants AMRAK and BRIAN SALTER on in an amount of damages which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action and for such other and further relief as this court may deem just and proper.

Dated: New York, New York
January 4, 2016

LAW OFFICES OF JAMES W. MAGEE, ESQ.

By: _____
James W. Magee, Esq.
Attorney for Plaintiff
DAVID RODRIGUEZ
125 Maiden Lane, Ste. 204
New York, NY 10038
(917) 502-0544
jmageelaw@gmail.com

## ATTORNEY'S VERIFICATION

James W. Magee, Esq., an attorney duly admitted to practice law before the courts in the State of New York, affirms the following:

I am attorney for plaintiff.

I have read the foregoing Summons and Complaint. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The sources of my information and the basis of my belief concerning all matters not alleged upon my personal knowledge are a review of plaintiff's documents and records and the file maintained by this office.

This verification is made pursuant to CPLR § 3020(d)(3) on the ground that plaintiff does not reside in the county where his attorneys have their office.

Dated: New York, New York
January 4, 2016

_____
James W. Magee, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
DAVID RODRIGUEZ

                      Plaintiff/Petitioner,

    - against -                            Index No. 20072/2016E

THE NATIONAL RAILROAD PASSENGER CORPORATIO

                      Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: _____

| Signature | Address |
| --- | --- |
| Name | |
| Firm Name | Phone |
| | E-Mail |

To: _____
_____
_____

9/3/15

RECEIVED AMTRAK
JAN 02 2015
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

-------------------------------X
In the Matter of the Claim of

David Rodriguez

Received
JAN - 9 2015
Amtrak Law Department
Corporate Headquarters
Washington, DC

-against-

The National Railroad Passenger Corporation d/b/a Amtrak

-------------------------------X

**NOTICE OF CLAIM**

TO: The National Railroad Passenger Corporation d/b/a Amtrak (Hereafter "AMTRAK")
 60 Massachusetts Avenue Northeast, Washington DC 20002

PLEASE TAKE NOTICE that the claimant herein hereby makes a claim and demands against AMTRAK as follows:

1. The name and post-office address of each claimant (s) and his attorney is:

    David Rodriguez
    2715 Grand Concourse, Apt 2L
    Bronx, NY 10468

    James W. Magee, Esq.
    125 Maiden Lane, Ste. 204
    New York, NY 10038

2. The nature of the claim:

Action to recover damages for personal injuries, hospital expenses, medical expenses, pain and suffering, loss of earnings, loss of services, emotional distress, etc.

3. The time when, the place where and the manner in which the claim arose:

On October 6, 2014, at approximately 11:45 p.m., in the vicinity of 3904 Northern Boulevard, Long Island City, NY 11101, Claimant was seated inside of his parked automobile in the parking lot of a Hess gas station when, due to negligence in the ownership, maintenance, management, operation and control of AMTRAK, their agents, servants and/or employees, a truck owned and operated by AMTRAK collided with Claimant's automobile causing Claimant to sustain, through no fault of his own, multiple serious and permanent bodily injuries.

4. The items of damage or injuries claimed are:

Multiple injuries to the back and limbs, including nerve damage, conscious pain and suffering, emotional distress, property damage, loss of earnings, , medical and hospital expenses, physician services, medical supplies, etc.

The undersigned Claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the Claimant intends to commence an action on this claim.

DATED    New York, New York
         December 31, 2014

James W. Magee, Esq.
Attorney for Claimant
125 Maiden Lane, Ste. 204
New York, NY 10038
917 502-0544
jmageelaw@gmail.com

x_David Rodriguez_
David Rodriguez, Claimant

INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
COUNTY OF ~~BRONX~~ NEW YORK)    SS:

I, David Rodriguez, being duly sworn, depose and say:

That I am the Claimant herein; that I have read the foregoing Notice of Claim against The National Railroad Passenger Corporation d/b/a Amtrak, and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe it to be true.

Sworn to before me on 31st day of December, 2014

x_David Rodriguez_, Claimant

Notary Public, State of New York
No. 01C16000207
Qualified in Queens County

RECEIVED
AMTRAK
JAN 0 2 2015
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

--------------------------------------X
In the Matter of the Claim of

**David Rodriguez**

-against-

**The National Railroad Passenger Corporation d/b/a Amtrak**

--------------------------------------X

Received
JAN - 9 2015
Amtrak Law Department
Corporate Headquarters
Washington, DC

**NOTICE OF CLAIM**

TO: **The National Railroad Passenger Corporation d/b/a Amtrak** (Hereafter "AMTRAK")
60 Massachusetts Avenue Northeast, Washington DC 20002

PLEASE TAKE NOTICE that the claimant herein hereby makes a claim and demands against AMTRAK as follows:

1. The name and post-office address of each claimant (s) and his attorney is:

   David Rodriguez                James W. Magee, Esq.
   2715 Grand Concourse, Apt 2L   125 Maiden Lane, Ste. 204
   Bronx, NY 10468                New York, NY 10038

2. The nature of the claim:

   Action to recover damages for personal injuries, hospital expenses, medical expenses, pain and suffering, loss of earnings, loss of services, emotional distress, etc.

3. The time when, the place where and the manner in which the claim arose:

   On October 6, 2014, at approximately 11:45 p.m., in the vicinity of 3904 Northern Boulevard, Long Island City, NY 11101, Claimant was seated inside of his parked automobile in the parking lot of a Hess gas station when, due to negligence in the ownership, maintenance, management, operation and control of AMTRAK, their agents, servants and/or employees, a truck owned and operated by AMTRAK collided with Claimant's automobile causing Claimant to sustain, through no fault of his own, multiple serious and permanent bodily injuries.

4. The items of damage or injuries claimed are:

   Multiple injuries to the back and limbs, including nerve damage, conscious pain and suffering, emotional distress, property damage, loss of earnings, , medical and hospital expenses, physician services, medical supplies, etc.