UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAVID RODRIGUEZ

                       **Plaintiff,**

   -against-

**THE NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and BRIAN SALTER**

                       **Defendant.**

Civil Action No.:
1:16-CV-03297-PKC

**ANSWER TO VERIFIED COMPLAINT AND JURY DEMAND**

------------------------------------------------------------X

Defendants The National Railroad Passenger Corporation d/b/a Amtrak and Brian Salter ("defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Verified Complaint herein as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the Verified Complaint, except admit Amtrak is a federally chartered corporation which does business in New York.

3. Defendants aver that paragraph 3 of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Verified Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Verified Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Verified Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Verified Complaint.

7. Defendants aver that paragraph 7 of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Verified Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Defendants deny the truth of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Verified Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Verified Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Verified Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Verified Complaint, except admit that at a

certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

14. Defendants deny the truth of each and every allegation contained in paragraph 14 of the Verified Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Verified Complaint, except admit that on September 29, 2014 and/or October 6, 2014, defendant Brian Salter was employed by Amtrak.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

4853-0787-7425v.1

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Verified Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Verified Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Verified Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Verified Complaint, except admit that at a certain time on September 29, 2014 and/or October 6, 2014, defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

26. Defendants deny the truth of each and every allegation contained in paragraph 26 of the Verified Complaint.

27. Defendants deny the truth of each and every allegation contained in paragraph 27 of the Verified Complaint.

28. Defendants deny the truth of each and every allegation contained in paragraph 28 of the Verified Complaint.

29. Defendants aver that paragraph 29 of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Verified Complaint.

30. Defendants deny the truth of each and every allegation contained in paragraph 30 of the Verified Complaint.

31. Defendants deny the truth of each and every allegation contained in paragraph 31 of the Verified Complaint.

32. Defendants deny the truth of each and every allegation contained in paragraph 32 of the Verified Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Defendants repeat, reiterate and reallege each and every allegation contained herein above in paragraphs numbered 1 through 32 inclusive, with the same force and effect as though more fully set forth herein at length.

34. Defendants aver that paragraph 34 of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, defendants admit that at a certain time on September 29, 2014 and/or October 6, 2014 defendant Brian Salter operated a 2014 Dodge Ram pick-up truck during the course of his employment with Amtrak.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Verified Complaint.

36. Defendants aver that paragraph 36 of the Verified Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Verified Complaint, except deny that defendant Brian Salter was negligent or reckless in his operation of a 2014 Dodge Ram pick-up truck at a certain time on September 29, 2014 and/or October 6, 2014.

37. Defendants deny the truth of each and every allegation contained in paragraph 37 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendants.

### SECOND AFFIRMATIVE DEFENSE

Any claims which plaintiff may have against defendants are barred, or, alternatively, must be reduced by virtue of the doctrine of comparative and/or contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to sustain a serious personal injury as defined in §§ 5102 and 5104 of the Insurance Law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to sustain economic loss greater than basic economic loss as defined in §§ 5102 and 5104 of the Insurance Law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Verified Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

If plaintiff has sustained any damages in this matter, which defendants deny, then defendants' liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, by not fastening his available seat belt, acted unreasonably and disregarded his own best interest, and accordingly, contributed to the happening of this accident and to any injuries he alleges to have suffered, in accordance with the decision in <u>Spier v. Barker</u>, 35 N.Y.2d 444.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by Article 51 of the Insurance Law of the State of New York.

## ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over defendant Brian Salter based upon insufficient service of process.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's Verified Complaint fails to state a cause of action against defendants upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

If any damages are recoverable against defendants, the amount of such damages shall be diminished by the liability of others.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risks of which he now complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

No acts or omissions of defendants proximately caused plaintiff's damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants claims the benefit of each and every credit or offset by reason of any replacement or indemnification of costs or expenses from any collateral source.

## SEVENTEENTH AFFIRMATIVE DEFENSES

Defendants are entitled to have plaintiff's award, if any, reduced by the amount of remuneration and/or compensation received by plaintiff for some or all of his claimed economic loss, pursuant to CPLR 4545(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to the benefit of CPLR Article 14.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

**WHEREFORE,** defendants demand judgment dismissing the Verified Complaint herein, together with their costs and disbursements, and such other and further relief as this Court deems appropriate.

## JURY DEMAND

Please take notice, that pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendants National Railroad Passenger Corporation d/b/a Amtrak and Brian Salter hereby demand a trial by jury in the above-entitled action.

Dated: Newark, New Jersey
       May 10, 2016

                                 Yours, etc.,

                                 LANDMAN CORSI BALLAINE & FORD P.C.

By:_____
      Charles W. Mondora
      Attorneys for Defendants
      National Railroad Passenger Corporation, National
      Railroad Passenger Corporation d/b/a Amtrak, and
      Brian Salter
      One Gateway Center - 4th Floor
      Newark, New Jersey 07102
      (973) 623-2700

                                 - and -

      120 Broadway
      New York, NY 10271
      (212) 238-4800

TO:   James W. Magee, Esq.
        Law Offices of James W. Magee, Esq.
        125 Maiden Lane, Ste. 204
        New York, NY 10038
        (917) 502-0544
        Attorney for Plaintiff
        David Rodriguez