James W. Magee, Esq.
125 Maiden Lane, Ste. 204
New York, NY 10038
917 502-0544
jmageelaw@gmail.com

December 20, 2016

Honorable P. Kevin Castel, U.S.D.J. (VIA ECF)
United States District Court
Southern District of New York
500 Pearl Street, Room 11D
New York, NY 10007

                                                RE: Rodriguez v. National Railroad Passenger
                                                Corp. d/b/a Amtrak and Brian Salter
                                                Civil Action No: 16-CV-3297 (PKC)

Your Honor,

        This office represents Plaintiff. This case has been referred to mediation and a mediation conference is scheduled to take place on March 2, 2017 at 11am.

        Please accept this letter as Plaintiff's response to defendants' letter of December 14, 2016 requesting a pre-motion conference and as Plaintiff's own request for a pre-motion conference and notice of intention to file for summary judgement on the issue of liability. On December 16, 2016 the Court ordered both parties to submit a schedule on both motions by March 10, 2017.

        Defendants' contemplated motion for summary judgment will attempt to show that Plaintiff did not suffer a "serious injury" as defined under New York Insurance Law Section 5102(d). As communicated to the Court and to the defense at the conference on December 16, 2016, the defense's contemplated motion would be without merit.

        As a result of the injuries that Plaintiff suffered in this accident, he was out of work completely for the nine months following and is still unable to return to work as an automobile driver, which was how he had earned a living up until the accident. This represents that Plaintiff's injuries represent a "serious injury" under New York Insurance Law Section 5102(d), which defines "serious injury," in part, as "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

        As a result of this accident, Plaintiff's range of motion has been limited and he suffers from difficulty sitting, standing, running, lifting, and controlling his bladder. These injuries

represent a "serious injury" under New York Insurance Law Section 5102(d), which defines "serious injury," in part, as "a significant limitation of use of a body function or system." As a result of this accident, Plaintiff underwent a micro-discectomy yesterday, December 19, 2016. The full extent of Plaintiff's injuries will be better known as he recovers from this operation.

To oppose defendants' motion, Plaintiff will rely upon the opinion of Ashley Simela, DO, the surgeon who performed yesterday's surgery and Plaintiff's medical reports including the objective films demonstrating the exacerbation of Plaintiff's injury as a result of this accident.

Plaintiff will move for summary judgment on the issue of liability. It is undisputed by both Plaintiff's and Defendant Salter's depositions that Defendant Salter, operating an Amtrak automobile within his employ, reversed into the rear of Plaintiff's parked automobile while Plaintiff was inside.

Plaintiff asks leave of the Court to amend his response to defendants' interrogatories, specifically those answers that concern Plaintiff's injuries.

Respectfully Submitted,

James W. Magee, Esq.

cc: Landman, Corsi, Ballaine & Ford P.C. (VIA ECF and FedEx)
One Gateway Center, Fourth Floor
Newark, NJ 07102-5311
Attn: Charles W. Mondora