# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

| 120 Broadway | ONE GATEWAY CENTER | One Penn Center |
| --- | --- | --- |
| 27th Floor | 4TH FLOOR | 1617 JFK Boulevard, Suite 955 |
| New York, New York 10271 | NEWARK, NJ 07102 | Philadelphia, PA 19103 |
| Tel: (212) 238-4800 | TELEPHONE (973) 623-2700 | Tel: (215) 561-8540 |
| | FACSIMILE (973) 623-4496 | |
| | www.lcbf.com | |

February 8, 2017

*Via ECF*

Honorable P. Kevin Castel
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: David Rodriguez v. Amtrak and Brian Salter**
**Civil Action No.: 1:16-cv-03297-PKC**

Dear Judge Castel:

My office represents National Railroad and Passenger Corporation, d/b/a Amtrak ("Amtrak") and Brian Salter ("defendants") in the above referenced matter. Please allow this letter as defendants' request for extension of the court-ordered 2/10/17 supplemental exam deadline, as well as a 30 day extension of the expert discovery deadline in this action to 3/23/17. Plaintiff consents to defendants' requested extension.

As background, plaintiff underwent a 12/19/16 lumbar decompression procedure, after defendants' initial 12/8/16 IME. Defendants' supplemental examination of plaintiff was originally scheduled for 2/1/17, consistent with the court's prior 2/10/17 supplemental exam deadline. To date, defendants have not obtained any records related to plaintiff's procedure; defendants' physician required same prior to conducting the exam; and defendants adjourned the 2/1 exam late last month until 3/9/17, defendants' physician's first available date for re-scheduling.

Plaintiff was not notified of the 2/1 exam prior to its adjournment, and has not delayed defendants' efforts to obtain records--an initial request by defendants for the Bronx Lebanon medical record was rejected because a specialized authorization was required; not the HIPAA complaint executed authorization previously obtained by defendants from plaintiff.

Finally, defendants' requested extension will not affect defendants' ability to meaningfully participate in this action's 3/2 mediation, and will not delay the current deadline to submit a summary judgment briefing schedule. A trial date is not yet scheduled. Further, plaintiff timely served his narrative medical report, and defendants will serve initial defense medical reports this week.

4832-5255-6353v.1

We thank Your Honor for your kind consideration of defendants' request.

Respectfully submitted,

Charles W. Mondora, Esq.

CWM:atr

cc: James Magee, Esq.